**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4577**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DAVID ANTHONY RICHARDSON,

          Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:18-cr-00040-GMG-RWT-1)

Submitted: April 10, 2020                    Decided: April 16, 2020

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nicholas J. Compton, Assistant Federal Public Defender, Kristen M. Leddy, Assistant Federal Public Defenders, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. William J. Powell, United States Attorney, Lara K. Omps-Botteicher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Anthony Richardson appeals from his conviction for possession with intent to distribute fentanyl. On appeal, he challenges the denial of his motion to suppress. We affirm.

In considering the appeal of the denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Kolsuz*, 890 F.3d 133, 141-42 (4th Cir. 2018). In addition, when a suppression motion has been denied, we review the evidence in the light most favorable to the Government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Richardson argues first that the district court should have suppressed the evidence found in the search of vehicle in which he was a passenger, as well as statements he made following the search, because no probable cause existed for the traffic stop. A traffic stop of a vehicle constitutes a seizure within the meaning of the Fourth Amendment and is permissible if the officer has probable cause to believe a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 809-10 (1996). Accordingly, when an officer observes even a minor traffic offense, a stop of the vehicle is permitted. *United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir. 1993).

We find the district court did not err in determining that the officer had probable cause to stop the vehicle. The officer testified that the vehicle was being driven erratically (including stopping in the middle of an intersection), that he suspected the windows' tint did not conform to law, and that he was unable to see the registration sticker in order to

2

confirm that the registration was current. Further, the district court found the officer to be a credible witness.

Richardson contends that the windows in the car were tinted in compliance with West Virginia law. However, the officer, who the district court found credible, testified that he was familiar with the limits on window tint under West Virginia law and, in his view, the car's windows were too dark, as he could not see the occupants even on a sunny day. As we have recognized, illegally tinted windows are alone "sufficient to justify" a traffic stop. *United States v. Palmer,* 820 F.3d 640, 650 (4th Cir. 2016).

Next, Richardson contends that there is no West Virginia law requiring a visible registration sticker and that, in any event, the sticker was visible. Again, the district court properly credited the officer's testimony that the sticker was not visible when he was following at a safe distance. Moreover, even in the absence of a statute requiring visibility, "a vehicle's apparent failure to display some form of visible license plate/registration tag, temporary or permanent, gives rise to a reasonable suspicion that its driver might be violating any one of the multitude of applicable traffic and equipment regulations of the jurisdiction." *United States v. Edgerton,* 438 F.3d 1043, 1048 (10th Cir. 2006) (internal quotation omitted).

Finally, Richardson avers that the car appeared "lost," which is not a driving violation. However, while the officer used the word "lost" at points during his testimony, he stated that the vehicle stopped in the middle of an intersection and obstructed traffic. Whatever the reason underlying the decision to obstruct traffic, West Virginia law prohibits stopping in the middle of an intersection. W.V. Code § 17C-13-3(a)(3). As such, the

3

district court properly found that the officer appropriately stopped the vehicle, based on probable cause to believe that the driver of the vehicle was violating several traffic laws.

Richardson next contends that the officer improperly extended the time of the traffic stop. However, an officer's detection of the odor of marijuana is sufficient to establish probable cause to search a vehicle. *United States v. White*, 836 F.3d 437, 441-42 (4th Cir. 2016). Indeed, we have repeatedly held that the odor of marijuana alone can provide probable cause to believe that marijuana is present in a particular place. *Palmer,* 820 F.3d at 650. Upon detecting the odor of marijuana emanating from a vehicle, a police officer is entitled to search it. *Id.*

In this case, the officer smelled the odor of marijuana during his initial contact with the driver and Richardson. The officer also noted Richardson's glassy eyes, which is indicative of marijuana use. Moreover, Richardson admitted to previously smoking THC in a vape pen, and Richardson told the officer that a vape pen and THC oil were in the vehicle. At this point, the officer had probable cause to believe the vehicle contained contraband, and he was entitled to search the entire vehicle. The district court credited the officer's testimony that he smelled marijuana. Accordingly, the officer's search of the vehicle was lawful.[*]

---

[*] Richardson also contends that the district court erroneously determined that the driver gave consent for the search. Specifically, Richardson avers that a bodycam recording undermines the officer's testimony that the driver gave consent. However, the officer explained that the driver gave consent at a different time, when a second officer with the bodycam was not nearby, and the district court credited the officer's testimony. Such a finding was not clearly erroneous. Accordingly, the search was also permissible based upon consent.

4

Accordingly, we affirm Richardson's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*